IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:21-00058

EDWARD SAMPLE
    also known as "Caine"

## MEMORANDUM OPINON AND ORDER

Pending before the Court is Defendant Edward Sample's *pro se* Motion for a Sentence Reduction. ECF No. 67. The Government has responded in opposition to the motion. Upon review, the Court **DENIES** Defendant's motion.

In his motion, Defendant seeks a twelve-month sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) for extraordinary and compelling reasons.[1] In support of his position, Defendant states that he has completed the National Gang Unit (NGU) "drop out" program managed by the Federal Bureau of Prisons, which has resulted in him being in altercations while

---

[1]In relevant part, this section provides:

> The court may not modify a term of imprisonment once it has been imposed except that—(1) in any case—(A) the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights . . ., may reduce the term of imprisonment . . ., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]"

18 U.S.C. § 3582(c)(1)(A)(i), in part. Here, the Government agrees that Defendant exhausted his administrative rights before bringing this action.

incarcerated. Defendant insists his participation in the group warrants a sentence reduction similar to what the district court granted in *United States v. Beres*, Crim. Act. No. 18-58-BLG-SPW-02, 2023 WL 8809320 (D. Mont. Dec. 20, 2023).

In *Beres*, the defendant participated in the NGU "drop out" program and he received a "drop tag" designation. 2023 WL 8809320, at *1. Although the district court recognized that "'rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" for a sentence reduction, the court found that "the 'drop out' program is not simply a rehabilitation program." *Id*. at *2 (quoting U.S. Sent'g Guidelines Manual § 1B1.13(d)). The Court explained that the "program is a lengthy process that requires the defendant to be fully vetted and debriefed by the relevant federal agencies," which is used "to combat gang activity and could, potentially, endanger the life of a defendant." *Id*. In the case before it, the court found the defendant's cooperation "may be considered 'similar in gravity' to other extraordinary and compelling circumstances." *Id*. (quoting U.S. Sent'g Guidelines Manual § 1B1.13(b)(5)). Additionally, the court recognized the defendant "became a model inmate participating in multiple educational and rehabilitation programs while incarcerated, and earning transfer to a minimum-security facility." *Id*. The district court found the combination of these factors with the "drop out" program "constitute[d] an extraordinary and compelling reason." *Id*.

The Court then proceeded to consider this determination in the context of the sentencing factors set forth in 18 U.S.C. § 3553(a). These include:

> the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care.

> Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants.

*Id*. at *3 (quoting 18 U.S.C. § 3553(a)(1), (2) (other citation omitted)). The district court found a sentence reduction was appropriate because of his "successful completion of the 'drop out' program [which] contributes to protecting the public from further crimes by the defendant and further gang crimes overall" and a reduction was "not contrary to the § 3553 (a) factors." *Id.* In the present case, Defendant argues for the same result. The Court disagrees.

Even if the Court assumes, without deciding, that Defendant's participation in the NGU "drop out" program is an extraordinary and compelling reason for a sentence reduction, the Court finds the other § 3553 factors weigh against a reduction. Defendant plead guilty to Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), which he committed while on supervised release following convictions for Hobbs Act Robbery and Possessing a Firearm in Furtherance of a Crime of Violence. At sentencing, Defendant faced a mandatory minimum sentence of twenty-five years imprisonment, but this Court gave him a significant reduction to a term of seven years.

In addition to these serious offenses, Defendant's lengthy criminal record includes convictions for, inter alia, other drug offenses, harassment, and second-degree assault. While Defendant's participation in the National Gang Unit (NGU) "drop out" program is commendable and he appears to have enrolled in other programing offered by the BOP, Defendant, unlike the defendant in *Beres*, has not been a model prisoner. He has received disciplinary reports for refusing to work, threatening bodily harm, fighting with another person, being unsanitary or untidy, and possessing an unauthorized item.

Therefore, in consideration of these factors, the Court finds Defendant's current sentence remains "sufficient, but not greater than necessary," to achieve the goals of § 3553(a). 18 U.S.C. § 3553(a). Accordingly, the Court **DENIES** Defendant's motion.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER:	September 25, 2025

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE